[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1235
There are four issues in this real estate tax appeal. The first issue is whether the assessor for the town of Wethersfield illegally separated the assessment of property located at Folly Brook Manor in the name of Folly Brook Manor Owners Association (Association), and in the name of the individual unit owner. The second issue is whether collateral estoppel prevents the plaintiff from maintaining this action. The third issue is whether General Statutes § 47-278 allows an action against the town of Wethersfield by the Association as to the imposition of the real estate tax on the Association. The fourth issue is whether the Association's action is time barred by its failure to comply with the time limitation contained in General Statutes § 12-119.
Folly Brook Manor is a planned unit development (PUD) located at Folly Brook Boulevard, in the town of Wethersfield. Folly Brook Manor consists of forty-six apartment units. Each of the forty-six units are basically identical, with two bedrooms, one bathroom, a kitchen, and living room. The apartment units are individually owned. The plaintiff Association is a Connecticut non-stock corporation which owns the common elements at Folly Brook Manor. The common elements include the roofs, sidewalks, parking lots, and the exterior of the buildings. The Association owns the common elements pursuant to a deed dated August 30, 1983 and recorded in the Wethersfield land records.
The assessor for the town of Wethersfield listed the common elements and two of the apartment units, for assessment purposes, in the name of the Association. The assessor listed the individual living units for assessment purposes, in the name of the individual owners of the units.
From 1984 to the present, the town assessed the common elements in the name of the Association and the individual units in the names of the owners of the units. From 1984 to 1994, the Association paid the real estate taxes levied on the common elements and subsequently billed the individual owners for one forty-sixth of the taxes paid by the Association. The total amount of the taxes paid by the Association from 1984 to 1994 was $356,883. In 1995, the plaintiff Association brought this action claiming that the town of Wethersfield was illegally taxing the Association instead of the unit owners. The Association seeks the CT Page 1236 return of the $356,883, plus 10% interest of $499,636.20, attorneys fees of $57,823, and punitive damages equal to three times the actual damages, or $2,569,557.60, for a total claim of $3,483,899.80.
The Association brings this action in two counts. The first count of the revised complaint is brought pursuant to General Statutes § 12-119. The plaintiff claims that General Statutes § 47-204(b)(2) requires the assessor to separately assess and tax each individual unit owner for the value of his or her individual unit, and also for one forty-sixth of the value of the common elements. The Association argues that the assessor should not have assessed and taxed the Association for the common elements of Folly Brook Manor. On this basis, the Association claims that the tax assessments made upon it from 1984 to 1994 for the common elements were illegal.
In the second count of the revised complaint, the Association claims that by assessing the common elements of Folly Brook Manor in the name of the Association, the assessor wilfully violated General Statutes § 47-204 from 1984 to the present, thereby entitling the Association to damages pursuant to § 47-278.
A PUD was defined statutorily as "as area of land controlled by an owner, to be developed as a single entity for not less than twenty-five dwelling units, the plan for which does not correspond in lot size, bulk, type of dwelling, density, lot coverage and required open space to the regulations established in any zoning district created from time to time, under the provisions of the zoning ordinance or regulations of the municipality". General Statutes (rev. to 1985) § 8-13b. General Statutes §§ 8-13b to 8-131, inclusive, were repealed in section 7 of Public Act No. 85-409, which took effect July 1, 1985.
General Statutes § 8-2d provides that any regulations concerning PUDs adopted by a municipality shall continue to be valid and PUDs approved prior to July 1, 1985 shall continue to be governed by the provision of such regulations. The basis of the Association's claim of an illegal tax flows from General Statutes § 47-204(b)(2) which recites "if there is any unit owner other than a declarant, each unit shall be separately taxed and assessed, and no separate tax or assessment maybe rendered against any common elements for which a declarant has reserved no development rights." CT Page 1237
Sec. 47-204(b) refers to either a condominium or planned community. A condominium is defined as "a common interest community in which portions of the real property are designated for separate ownership and the remainder of the real property is designated for common ownership solely by the owner of those portions. A common interest community is not a condominium unless the individual interest in the common elements are vested in the unit owner." General Statutes § 47-202(8). A PUD does not fall within this definition. Folly Brook Manor under these circumstances is not a condominium. See Hall Manor owner'sAssociation v. Wethersfield, 212 Conn. 147, 561 A.2d 1373 (1989). The court in Hall Manor outlined the statutory requirements for the creation of a condominium. Id., 155. The court in Hall Manor
concluded that compliance with the requirements of the Condominium Act was mandatory, and since Hall Manor did not file condominium instruments pursuant to the provisions of the General Statutes § 47-71(b), Hall Manor was not a condominium. Id.
Similarly, in this case, Folly Brook Manor did not file articles complying with the Condominium Act.
Under General Statutes § 47-202 (23), a "`planned community' means a common interest community that is not a condominium or a cooperative. A condominium or cooperative may be part of a planned community." A "cooperative" is defined in General Statutes § 47-202(10) to mean "a common interest community in which the real property is owned by an association, each of whose members is entitled by virtue of his ownership interest in the association to exclusive possession of unit."
According to General Statutes § 47-204(a), a cooperative shall have the real property taxed to the cooperative and assessed as a whole in the name of the cooperative and not in the unit owner's name. Folly Brook Manor does not fit the statutory definition of a cooperative. At Folly Brook Manor there is a separation of title to the real estate. The Association owns the common elements and the individual unit owners own title to the individual units. If we examine the definition of a PUD, we see that Folly Brook Manor does not even fit this definition. Whereas a PUD is controlled by a single entity; see General Statutes (rev. to 1985) § 8-13b; Folly Brook Manor has split the ownership of its individual units and common elements. Although we have found that Folly Brook Manor was formed as a PUD pursuant to the now repealed statutes, it has the attributes of a condominium. However, as Hall Manor instructs us, Folly Brook CT Page 1238 Manor cannot be considered a condominium unless it has fully complied with the statutes creating condominiums. Folly Brook Manor has not complied with these statutes. The confusion in identifying the category of development in which Folly Brook Manor fits arises from the actions of Folly Brook Manor, not the assessor.
Since Folly Brook Manor is responsible for its own compliance with the statutory form of ownership it desires to operate under, the confusion which arises cannot be attributed to the assessor. By paying the taxes without raising the issue for ten years, Folly Brook Manor has implicitly consented to the assessor's assessment of the common areas in the name of Association, and the assessment of the individual units in the names of their owners. In the last analysis, the Association never paid the taxes assessed against the common elements. The Association passed the obligation to pay these taxes on to the individual unit owners who reimbursed the Association for the taxes paid for the last ten years.
As to the first issue, we find that the plaintiff has not met its burden of proving that the assessor illegally separated the assessment of the real estate located at Folly Brook Manor.
In addressing the second issue in this case, the town's defense of collateral estoppel, we find the following additional facts. In 1990, the Association appealed the valuation of the assessment placed on the common elements for the last revaluation of October 1, 1989. The board of tax review denied the Association's appeal. The Association appealed this denial to the Superior Court. Following the appeal to the Superior Court, the Association and the town of Wethersfield entered into a stipulation for judgment, agreeing upon a new value for the common elements. The assessor thereafter continued to assess the common elements in the name of the Association as he had prior to the Association's appeal. The Association's complaint of being illegally assessed was never raised in the 1990 tax appeal.
Following Uniroyal v. Board of Tax Review, 182 Conn. 619,438 A.2d 782 (1981) (Uniroyal II), we have consistently held that the doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined in a prior tax appeal related to the same decennial revaluation year. JMB Realty Corp. v. City of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, CT Page 1239 docket no. CV 93 0525547 (June 14, 1996) (Aronson, J.,17 CONN. L. RPTR. 217); Konover v. City of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV94 0537680 (June 7, 1996) (Aronson, J.); Great Meadow Associates Ltd.Partnership v. Town of Rocky Hill, Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV94 0537058 (November 22 1995) (Aronson, J.), aff'd,43 Conn. App. 916, 684 A.2d 1226 (1996) (per curiam); Maharishi School v. City of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV95 0551521 (October 17, 1997) (Aronson, J.). "`To prevent a multiplicity of actions, equity will enjoin further litigation of a cause of action which has already been adjudicated. A final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made . . . Collateral estoppel is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the issues determined in a former action between the parties.'" Town of Stratford v. International Assn.of Firefighters, 48 Conn. App. 849, 859, 713 A.2d 269, quotingCorey v. Avco-Lycoming Division, 163 Conn. 309, 316-17,307 A.2d 155 (1872), cert. denied, 409 U.S. 1116, 93 S.Ct. 903,34 L.Ed.2d 699 (1973).
By simply challellging the valuation of the property in the 1990 tax appeal, and not raising any allegations that the assessment was illegal, the Association impliedly conceded that the assessment was proper. In the 1990 case, the Association could have raised and litigated its claims regarding the improper assessment of the property since 1984.
In the present action the Association was responsible for the split in title to the common elements and the individual units contrary to the requirements for creating a PUD. The Association for ten years made no objection to being assessed for the common elements. The Association agreed to stipulate to a judgment lowering the assessment on the common elements. We conclude that the plaintiff is collaterally estopped from challenging the legality of the assessment.
The third issue raised in this tax appeal is whether damages for a violation of General Statutes § 47-278 may be sought as CT Page 1240 part of a real estate tax appeal under General Statutes §12-119. Section 47-278 recites "(a) If a declarant or any other person subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person or of class persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damage may be awarded for a wilful failure to comply with this chapter. The court may award court cost together with reasonable attorney's fees." Our prior analysis of the type of development into which the Association fits into leads us to conclude that Folly Brook Manor, as a PUD, does not come within the framework of §47-204, nor the protection provided in § 47-278. Therefore, we need not reach the issue of whether the plaintiff is entitled to damages under General Statutes § 47-278 in the context of a tax appeal under § 12-119.
The fourth issue raises the question of whether the Association's action is time barred by its failure to bring the action within one year "from the date as of which the property was last evaluated for the purposes of taxation." General Statutes § 12-119. The allegations in the Association's complaint charge the assessor with illegally assessing the Association in contravention of § 47-204(b)(2) from 1984 to the present and seeks a determination that every assessment of the common elements since 1984 is illegal. Where the Association seeks to predicate its remedy on a declaration that the assessor has acted illegally since 1984, this action for the years prior to the 1994 grand list clearly is outside the scope of the one year limitation contained in § 12-119. Wilson v. Kelly224 Conn. 110, 617 A.2d 433 (1992). The Association's action is therefore time barred for all the years prior to 1994. With respect to the Association's claims regarding the 1994 grand list and subsequent years, the court has found that the Association has not met its burden of showing that it is entitled to relief, as stated in our discussion above.
Accordingly, the plaintiff's appeal is dismissed. Judgment may enter for the defendant Town of Wethersfield without costs to either party.
_____________________ Arnold W. Aronson Judge Trial Referee CT Page 1241